OPINION
{¶ 1} Malitsa Yataganellis-Tyler (the wife) appeals from a judgment vacating an ex parte civil protection order previously granted against Gregory Tyler (the husband).
 {¶ 2} The wife advances two assignments of error on appeal.
 {¶ 3} "1. The trial court's decision to dismiss the protection order was a clear abuse of discretion and against the manifest Weight of the evidence."
 {¶ 4} This matter was first tried before a magistrate and, after the filing of objections by the wife and preparation of the trial transcript, considered by the trial court.
 {¶ 5} Domestic violence, as is germane to this appeal, is defined by R.C. 3113.31(A)(1) as follows:
 {¶ 6} "`Domestic violence' means the occurrence of one or more of the following acts against a family or household member:
 {¶ 7} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 8} "(b) Placing another person by the threat of force in fear of imminent serious physical harm . . ."
 {¶ 9} It is well settled that the wife was required to establish domestic violence by a preponderance of the evidence.Felton v. Felton (1997), 79 Ohio St.3d 34. Furthermore, we review the vacation of a civil protection order using an abuse of discretion standard. See Strong v. Bauman (May 21, 1999), Montgomery App. No. 17256, 17414.
 {¶ 10} The wife contends that the magistrate and trial court ignored the preponderance of the evidence that the husband committed domestic violence under both subsections of the above-quoted definition and that the trial court thus abused its discretion in vacating the ex parte civil protection order.
 {¶ 11} We do not agree. The wife fails to mention that her evidence was controverted by the husband's evidence. Furthermore, we are well satisfied after reading the trial transcript that much of the wife's evidence — even standing alone — does not establish domestic violence, as defined.
 {¶ 12} The wife testified that the husband assaulted her during the summer of 2002. The magistrate credited the husband's version of the incident, and the trial court found the husband's son's version "to be the most credible." The son's version was corroborative of his father's, although less detailed. The husband's version was that the wife had been yelling at him and that, as he was exiting the room occupied by the wife, she said something about his son that made him angry and "snap." He grabbed her arms, she started to fall backward on heels she was wearing, and he grabbed her arms tighter and lifted her until she regained her balance. He released her and eventually apologized to her.
 {¶ 13} The trial court found this altercation to be "an isolated incident which apparently was resolved by the parties," noting there was no testimony "as to any other alleged incidents of violence between the parties," and that the parties continued to live together until April, 2003.
 {¶ 14} We find no abuse of discretion in the trial court's determining that this incident did not support perpetuation of the ex parte protection order. We must be deferential to the trial court's evaluation of the evidence, and the husband and his son were not unworthy of belief. Given the version of the incident credited by the trial court, it was not an abuse of discretion to discount this incident in determining whether the ex parte order should be continued.
 {¶ 15} The wife contends, and we agree, that subsection (1)(b) is "most applicable to the facts of this case." Upon our review of the record, we conclude, as did the trial court, that the wife's evidence of threats that caused her and her daughter to fear the husband do not satisfy the subsection (1)(b) definition of domestic violence: "placing another person bythreat of force in fear of imminent serious physical harm." (Emphasis ours).
 {¶ 16} The wife's daughter testified that she was afraid of the husband because he had driven angrily and recklessly — which the husband denied — when he drove her to school one morning after she had missed her bus, and during the trip told her he was going to kick her and her mother out of the house (which he had owned before the parties' marriage) and testify that the wife was an abusive mother. Even crediting the daughter's testimony, there was no testimony of threats of force sufficient to satisfy the subsection (1)(b) definition of domestic violence. Likewise, the wife's testimony concerning the husband's angry, erratic driving — which the husband denied — to the home of the parties' tax preparer, which the wife said caused her to fear the husband, lacked any testimony as to threats of force.
 {¶ 17} We also believe the trial court acted correctly in implicitly determining that the husband's alleged threats — often contained in angry phone messages — to evict the wife and her daughter from the marital residence, report the wife for medicare fraud, and "to take action," regardless of whether they caused the wife to be fearful, did not meet the subsection (1)(b) definition of domestic violence for want of threats of force.
 {¶ 18} The wife asserts that the husband told Larry Gottshall, a mutual friend of the parties, that "he would bring
harm to (the wife) and her daughter." Looking at Gottshall's testimony in context, it is clear to us that the husband did not expressly threaten harm to the wife or her daughter, but rather that Gottshall interpreted the husband's angry insistence on evicting the wife and her daughter from the marital premises, and other negative comments about them, as an intention to bring harm to the wife and her daughter. Furthermore, in response to a question by the magistrate, Gottshall stated that the threats he heard the husband make were to "put (the wife) out of the house or take legal action against . . . her in some way."
 {¶ 19} Having concluded that the wife's evidence failed to meet the subsection (1)(b) definition of domestic violence, and that the trial court properly discounted the April, 2002 altercation, we overrule the first assignment of error.
 {¶ 20} "2. The trial court abused its discretion because it failed to apply the appropriate standard in determining appellant's fear of imminent serious physical harm by appellee."
 {¶ 21} The wife contends the trial court improperly relied upon Coughlin v. Lancione (Feb. 25, 1992), Franklin App. No. 91AP-950, 1992 WL 40557 in deciding against her. She claims that this case utilizes an objective test for assessing fear whereas this appellate district utilizes a subjective test, citingReynolds v. Reynolds (Jan. 26, 2001), Montgomery App. No. 18436, 2001 WL 62552, and West v. West (Dec. 7, 1994), Montgomery App. No. 14600, 1994 WL 680156.
 {¶ 22} We agree that the magistrate's reliance on Coughlin
was misplaced. (The trial court did not cite Coughlin, as did the magistrate). This district does use a subjective test, andFelton has made clear that the petitioner's burden is a preponderance of the evidence, not "clear and convincing," or "clear and unequivocal" (the test stated in Coughlin).
 {¶ 23} Nevertheless, the error was harmless. The magistrate's resort to Coughlin was limited to whether the wife established domestic violence under subsection (1)(b). Regardless of whether the wife subjectively feared imminent serious physical harm, her evidence was lacking in any evidence of threats of force, an essential element of domestic violence under subsection (1)(b).
 {¶ 24} Accordingly, the second assignment is overruled.
 {¶ 25} The judgment will be affirmed.
Grady, J. and Young, J., concur.