OPION — NUNC PRO TUNC
{¶ 1} Plaintiff-appellant Tracy Pinkston appeals from the May 24, 2004, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, sustaining appellee's objection to the Magistrate's Decision and vacating a Civil Protection Order.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Tracy Pinkston and appellee Ronald Prowant lived together with their son, Jed (DOB 4/30/99) and appellant's daughter, Avery (DOB 1/2/90). The two lived together for seven years.
 {¶ 3} On October 6, 2003, appellant filed a Petition for a Domestic Violence Civil Protection Order against appellee, alleging that he had physically, mentally, and verbally abused her over a period of years beginning in 1998. Following an ex parte hearing before a Magistrate, a temporary Civil Protection Order was issued on October 6, 2003. A full hearing on the Civil Protection Order was scheduled for October 21, 2003.
 {¶ 4} As memorialized in a Magistrate's Order filed on October 22, 2003, the October 21, 2003, hearing was continued to November 13, 2003, "for the purpose of attempting to reach a settlement." The Civil Protection Order was continued to such date.
 {¶ 5} The parties appeared before the Magistrate on November 13, 2003. At such time, the case was continued again until December 16, 2003, so that a settlement conference could be held. The Magistrate, in her order, directed that "[a]ll prior orders continue in effect." Pursuant to a Magistrate's Order filed on December 16, 2003, the Magistrate scheduled a final hearing for January 28, 2004. The Magistrate, in her order, noted that the parties "have been attempting to resolve issue and are continuing to do so." The Civil Protection Order was also continued until such time.
 {¶ 6} On January 22, 2004, appellant's counsel filed a motion for a continuance of the January 28, 2004, hearing since a settlement conference "to discuss and possibly settle all pending issues" had been scheduled for February 4, 2004. Both the hearing and the Civil Protection Order were continued until February 26, 2004.
 {¶ 7} Neither appellee nor his counsel appeared for the February 26, 2004, hearing. The Magistrate, on the same date, issued an Order of Protection, effective until February 26, 2009. After appellant filed a Request for Findings of Fact and Conclusions of Law on March 8, 2004, the Magistrate, on March 22, 2004, made the following findings:
 {¶ 8} "The parties had lived together for approximately seven years and are the parents of one child, Ronald Jed Prowant, born April 30, 1999. Alcohol played a large role in the Respondent's behaviors toward the Petitioner. Respondent also used marijuana. Respondent was verbally and mentally abusive toward the Petitioner, as well as physically abusive. She was struck many times in the head to the point that, in the past two years, she felt as if her head were going to explode. If she happened to be in bed, the Respondent's abuse would be directed at strikes to her hips and legs. Many additional acts of violence are to be found in the sworn affidavit which is part of the Court's file.
 {¶ 9} "The Magistrate finds that the Petitioner has established, by a preponderance of the evidence, domestic violence sufficient under ORC3113.31(A)(1)(a) to warrant the issuance of a Civil Protection Order."
 {¶ 10} Thereafter, on March 31, 2004, appellee filed an objection to the Magistrate's Decision. Appellee, in his objection, indicated that neither he nor his counsel appeared at the February 26, 2004, evidentiary hearing since the parties had settled the matter and agreed that the evidentiary hearing would be canceled and the pleadings would be dismissed. Appellee further argued that the Magistrate's findings were not supported by the evidence and that the conclusions of law were not supported by the findings of fact. In his objection, appellee requested that that Magistrate's decision be vacated and that the parties be ordered to submit an Agreed Judgment Entry memorializing the parties' oral agreement.
 {¶ 11} An oral hearing before the trial court was held on May 24, 2004. At the hearing, appellee's counsel stated on the record, in relevant part, as follows:
 {¶ 12} "Atty. Caplea: Yes Your Honor May it please the Court ah the by Agreement in this case we had continued the evidentiary hearing in this case ah in order that we would have an opportunity to negotiate a settlement of all issues and a the temporary orders remained in effect. Approximately two months ago Mr. Oberholtzer myself and our clients met in my office and we reached a complete Agreement with respect to all issues in this case and all issues in the custody case. It was agreed that I would prepare the judgment entry the agreed entry in the custody case and Mr. Oberholtzer would prepare the agreed civil protection order. In essence, the civil protection order was going to be granted and made mutual. In reliance of that Agreement I did not and neither did my client appear at the evidentiary hearing because it was our understanding that the agreed judgment entry would be submitted and that would be resolve this but what happened was that it proceeded to evidence without my client or I being present and a civil protection order a unilateral civil protection order was issued that awarded attorney fees . . . addressed visitation . . . and all of these orders were agreed upon and it was my understanding that the evidentiary hearing was not taking place because of the fact that we had reached an agreement and all along Mr. Oberholtzer had indicated to me that I was correct that there was an agreement and apparently he had some problem with his client understanding or whatever I don't know what that was but as far as I'm concerned Your Honor we still have an Agreement on both . . . both cases. So I would ask Your Honor that the objection be granted and that the parties either submit the agreed entry or that the case be dismissed or that it be reset for an evidentiary hearing." Transcript of May 24, 2004 hearing at 5-6. Appellant's counsel, in turn, stated, in pertinent part, as follows on the record:
 {¶ 13} ". . . First of all I would tell the court that I would agree with what Attorney Caplea said between he and I based upon a settlement conference I believe that we did have a settlement resolved. However on many occasions when I've discussed this with my client she has ah refused to sign this claiming that she did not agree. Therefore if we do not . . . since we do not have a written agreement signed by the parties ah apparently there is not any agreement. When I came to the Court the day of the trial on the civil protection action I was told by the magistrate to either try the case or it would be dismissed or I could dismiss it. Those were the three options. So in trying to advocate for my client's best interest I tried the case. . . ." Transcript of May 24, 2004, hearing at
7. At the conclusion of the hearing, the trial court sustained appellee's objection and vacated the Civil Protection Order. The trial court's decision was memorialized in a Judgment Entry filed on May 24, 2004.
 {¶ 14} It is from the trial court's May 24, 2004, Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT SUSTAINED APPELLEE'S OBJECTION TO THE MAGISTRATE'S DECISION AND DISMISSED THE CIVIL PROTECTION ORDER.
 {¶ 16} "THE TRIAL COURT'S ORDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE EVIDENCE IN THIS CASE WARRANTS THE ISSUANCE OF A CIVIL PROTECTION ORDER."
 I, II {¶ 17} Appellant, in her two assignments of error, challenges the trial court's decision sustaining appellee's objection to the Magistrate's Decision and vacating the Civil Protection Order. Appellant specifically contends that the trial court abused its discretion and erred in sustaining the objection and vacating the Civil Protection Order and that the trial court's decision is against the manifest weight of the evidence.
 {¶ 18} We review the vacation of a civil protection order using an abuse of discretion standard. See Tyler v. Tyler, Montgomery App. No. 20224, 2004-Ohio-5784, 2004 WL 2436594. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217,450 N.E.2d 1140. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 19} We further note that a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson,66 Ohio St.3d 610, 1993-Ohio-9, 614 N.E.2d 742.
 {¶ 20} As an initial matter, we note that appellant, in her brief, contends that appellee's objection to the Magistrate's Decision was untimely and should have been overruled on such basis. Civ.R. 53(E)(3) states, in relevant part, as follows: "(A) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ. R. 53(E)(4)(c) . . . If a party makes a request for findings of fact and conclusions of law under Civ. R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law."
 {¶ 21} In the case sub judice, an Order of Protection was issued on February 26, 2004. On March 8, 2004, appellee filed a Request for Findings of Fact and Conclusions of Law. After the Magistrate filed her Findings of Fact on March 22, 2004, appellee, on March 31, 2004, filed his objection. Based on the foregoing, we find that the objection was timely filed since it was filed within fourteen days of the Magistrate's Findings of Fact.
 {¶ 22} We further find that the trial court did not err or abuse its discretion in sustaining appellee's objection and vacating the Civil Protection Order and that the trial court's decision was not against the manifest weight of the evidence. As is stated above, after neither appellee nor his counsel appeared at the February 23, 2004, evidentiary hearing before the Magistrate, the Magistrate issued a Civil Protection Order based on appellant's testimony. Appellee then filed an objection, arguing that, neither he nor his counsel appeared at such hearing because the parties had settled the matter and agreed that the evidentiary hearing would be canceled and the pleadings dismissed. Appellee's counsel indicated on the record at the May 24, 2004, objection hearing that "[i]n reliance of that Agreement I did not and neither did my client appear at the evidentiary hearing . . ." Transcript of May 24, 2004, hearing at 6. Appellant's counsel agreed that a settlement had been reached at the settlement conference on February 4, 2004, but indicated that his client "had refused to sign this claiming that she did not agree." Transcript of May 24, 2004, hearing at 7.
 {¶ 23} Based on the foregoing, we find that the trial court did not err or abuse its discretion in sustaining appellee's objection and vacating the Civil Protection Order. There was competent and credible evidence adduced at the May 24, 2004, hearing that the case had been settled and that, for such reason, neither appellee nor his counsel appeared at the February 23, 2004, evidentiary hearing.
 {¶ 24} Appellant's two assignments of error are, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
Edwards, J., Farmer, P.J. and Wise, J. concur.
JUDGMENT ENTRY NUNC PRO TUNC
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas. Family Court Division, is affirmed. Costs assessed to appellant.